HARRY ALLEN v. WILLIAM A. SNYDER.

*Deed—Bill to set aside conveyance— Fraud— Settlement— Decree.*

Complainant, a man about 60 years of age, having separated from his wife, wrote to the defendant, who had lived with complainant for several years prior to attaining his majority, asking him to sell his personal property, and come and live with complainant. Defendant complied with complainant's request, and complainant conveyed to him by warranty deeds about 300 acres of land, in consideration of his agreement to furnish complainant a life support. Complainant's daughter, learning of the arrangement, interfered, and insisted that it be set aside. A settlement was made between the parties, by which the defendant deeded to the daughter one-half of the lands, and gave a new agreement, in lieu of the first one, to furnish complainant a life support, after which the daughter conveyed the land deeded to her to her father. The complainant, about 20 months after · such settlement, filed a bill to set aside his deeds to defendant, on the ground that they were procured from him while he was in so enfeebled a condition, both physically and mentally, as to make the procuring of them a fraud upon him. And it is held that the proofs fall short of showing that the defendant took any undue advantage of complainant; that complainant's letters, written at about the time the deeds were executed, are clear and intelligible, and bear no evidence of having been written by.a man of weak mind; and that, aside from this, it appears that the settlement was agreed to by all of the parties, and was deliberately made, and no fraud or overreaching is proved in bringing it about. And the decree below, which denied the main relief prayed for, and decreed that, in lieu of the agreement set forth in the bill, the defendant should pay semi-annually a fixed sum

to the complainant during his lifetime, and that the same
should be a lien upon the portion of the lands owned by him,
is affirmed.

Appeal from Jackson.    (Peck, J.)    Submitted on briefs
April 5, 1894.    Decided May 18, 1894.

Bill to set aside deeds.  Complainant appeals.  Decree
affirmed.  The facts are stated in the opinions.

*Dwight D. Root*, for complainant.

*Lewis M. Powell*, for defendant.

LONG, J.  This bill is filed to set aside deeds of certain
lands in Jackson county, which complainant alleges de-
fendant procured from him while he was in so enfeebled
a condition, both physically and mentally, that the pro-
curing of them was a fraud upon him.

Complainant had lived for many years in Jackson county,
and owned and possessed something over 300 acres of land.
Defendant, when 8 or 9 years of age, was taken into his
family, and remained there until past 21, when he went
for himself.  He thereafter married, and settled upon a
farm in Mecosta county, which he had purchased.  The
complainant had some trouble with his wife.  She had filed
a bill for divorce against him in 1888, and a settlement
was made with her by the complainant's deeding her a
portion of his property, she agreeing to live separate and
apart from him.  Complainant was a man about 60 years
of age at this time, and, it is alleged, had had a stroke of
paralysis.  In the fall of 1889 he wrote the defendant to
sell off his personal property, and come to Jackson county,
and live with him.  This defendant did.  On December 27,
1889, complainant gave the deeds in question conveying to
the defendant the lands in controversy, upon the agree-
ment that the defendant should care for and support him

so long as he lived. The agreement was put in the form of a note, and, defendant claims, with a consideration of $5,000. There were two deeds made and recorded. A few days thereafter, the daughter of complainant, learning of the facts of the agreement, interfered, and insisted upon the arrangement being set aside. The parties soon came together, and a settlement was made by which the defendant deeded to the daughter one-half of the lands, taking up the $5,000 note, and giving one for $2,500, containing an agreement to care and provide for complainant during his life. The daughter thereafter deeded to complainant the lands so conveyed to her. In September, 1891, this bill was filed to set aside these deeds to defendant. The testimony was taken in open court, and, upon a full hearing, complainant's bill was dismissed.

We think this decree should be affirmed. The proposition that defendant should sell his personal property, and remove to Jackson county, came from complainant. His letters written about that time are clear and intelligible, and bear no evidence of being written by a man of weak mind. The deeds were made, and we think the proofs fall short of showing that the defendant took any undue advantage of the complainant; but, aside from this, it appears that, after the daughter learned that the deeds had been made, the parties met together,—complainant, defendant, the daughter, and her husband,—and a settlement was agreed upon, and a deed to one-half of the property made to the daughter, the old note being taken up, and a new one, and agreement for support, made. The daughter subsequently conveyed this half of the property to the complainant. This settlement was agreed to by all the parties, and deliberately made, and no fraud or overreaching is proved in bringing about this arrangement. The court below saw the witnesses, and, after full hearing, dismissed complainant's bill.

The decree must be affirmed.

The other Justices concurred.

---

An application by complainant for a rehearing was submitted June 16, 1894, and on June 30 the following opinion was handed down:

PER CURIAM.   The motion for rehearing will be denied. It was said in the former opinion that the decree of the court below would be affirmed. By some inadvertence, however, it was said that the bill was dismissed below. The bill was not dismissed, but the main relief asked was denied, and the amount that defendant was to pay complainant was made a lien upon the land.

The decree of the court below will, in all things, stand affirmed.